[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON CROSS-APPLICATIONS TO VACATE ARBITRATION AND TO CONFIRM ARBITRATION AWARD
CT Page 9130
The plaintiff Christine Lathuras seeks an order of this court confirming an arbitration award, and the defendants Shoreline Dental Care, LLC, and Joseph Tartagni seek an order vacating the award.
The arbitration was pursuant to a written employment agreement. The plaintiff worked for the defendants and was terminated in November 1998. She demanded certain compensation under the agreement. In paragraph 10, the agreement states:
 Any controversy between the parties involving the construction or application of any of the terms, provisions or conditions of this Agreement, shall on the written request of either party served on the other, be submitted to binding arbitration before a neutral third party under the auspices of the American Arbitration Association in New Haven County, Connecticut. The cost of arbitration shall be shared jointly by the parties.
An arbitration proceeding was commenced and an award rendered on May 12, 2000. The arbitrator awarded the plaintiff $46,656.57 in damages and an additional $20,000 in attorney fees and costs (except for the fees of arbitration which were shared), for a total award of $66,656.57. The defendant claims that the arbitration should be vacated pursuant to Conn. Gen. Stat. § 52-418 (a)(4), which provides:
 (a) Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides . . . shall make an order vacating the award if it finds any of the following defects: . . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.
The defendants claim that the arbitrator erred in that she misapplied the double damages provision of Conn. Gen. Stat. § 31-72 concerning wrongfully withheld wages to the plaintiff's claim of lost earnings; failed to properly consider evidence that tended to show that the plaintiff had failed to mitigate damages; and improperly refused to hear additional evidence regarding the reasonableness of the plaintiff's attorney fee claim.
The plaintiff claims that the findings and rulings of the arbitrator CT Page 9131 were indeed proper, but that even if they were incorrect, the scope of review prevents this court from instituting a de novo examination of the arbitrator's award.
The submission in this case was voluntary and unrestricted. In such a case the award is not subject to de novo review even for errors of law so long as the award conforms to the submission (and there is no dispute about that in this case). See Saturn Construction Co. v. Premier RoofingCo., 238 Conn. 293, 303-04 (1996) (erroneous interpretation of statute regarding an award of interest not sufficient to permit de novo review; award upheld); see also Hodgson and Parley, Alternative Dispute Resolution in Connecticut's Courts, § 6.6.2.1 (1998). Moreover the attempt by the defendants to characterize any misconstruction of the statutes or case law involved as egregious enough to rise to a "manifest disregard of the law" is unavailing. See Garrity v. McCaskey, 223 Conn. 1
(1992). "Manifest disregard," says our Supreme Court, "clearly means more than error or misunderstanding with respect to the law." Id., 9, quotingMerrill Lynch, Pierce, Fenner Smith, Inc. v. Bobker, 808 F.2d 930 (2d Cir. 1986).
The issues raised by the defendants and claimed to be error — the applicability of 31-72, the failure to mitigate, and the admission of evidence concerning attorney fees — are all matters that are well within the bounds of this unrestricted submission. As in the unsuccessful presentation of similar issues to the Supreme Court in Garrity v.McCaskey, supra, the defendants have not demonstrated anything more than a disagreement with the arbitrator's interpretation and application of established legal principles. "Such a contention is a far cry from the egregious or patently irrational misperformance of duty that must be shown in order to prove a manifest disregard of the law under § 52-418
(a)(4)." Id., 13.
Accordingly, the defendants' Application to Vacate the Award is denied. The plaintiff's Motion to Confirm Arbitration Award is granted. The request of the plaintiff to award interest pursuant to Conn. Gen. Stat. § 37-3a for the wrongful detention of money after it becomes payable is granted, retroactive to thirty days after the award. (From June 11, 2000 to July 6, 2000 at 10%, the per diem rate is $18.26 for a total of $456.55.)
Patty Jenkins Pittman, Judge